IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| KOKO Development, LLC, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) **ORDER DENYING THOMAS DEAN &** |
| vs. | ) **HOSKINS, INC.'S MOTION FOR** |
| | ) **SUMMARY JUDGMENT** |
| Phillips & Jordan, Inc., | ) |
| DW Excavating, Inc., and | ) |
| Thomas Dean & Hoskins, Inc., | ) |
| | ) |
|    Defendants, | ) |
| | ) Case No. 1:20-cv-129 |
|    and | ) |
| | ) |
| Phillips & Jordan, Inc., | ) |
| | ) |
|    Third-Party Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BKW, Inc. | ) |
| | ) |
|    Third-Party Defendant. | ) |

Before the Court is a motion for summary judgment filed by Defendant Thomas Dean & Hoskins, Inc. ("TD&H") filed on August 18, 2021. See Doc. No. 50. The Plaintiff, KOKO Development, LLC ("KOKO"), filed a response in opposition to the motion on September 21, 2021. See Doc. No. 56. TD&H filed a reply brief on October 19, 2021. See Doc No. 60. For the reasons set forth below, the motion is denied.

**I.  BACKGROUND**

This case arises from a real estate development project known as the Stenehjem Commons in Watford City, North Dakota. KOKO is suing Phillips & Jordan, Inc., DW Excavating, Inc., and

1

TD&H for breach of contract and negligence in relation to the development.

On October 10, 2014, Stenehjem Development, LLP, entered into a development agreement for the Stenehjem Commons with Watford City. The development agreement required, among other things, that the owner of Stenehjem Commons pay "any fees from an outside agency to review the Proposed Development." See Doc. No. 56-2, p. 10. Stenehjem Development, LLP retained TD&H to perform platting services for the Stenehjem Commons. See Doc. No. 53-3.

On October 21, 2014, GO Capital, LLC, entered into a purchase agreement with Judith H. Stenehjem Limited partnership for the purchase of the Stenehjem Commons. On November 7, 2014, the purchase agreement was assigned by GO Capital, LLC, to Bypass Properties, LLC. On December 4, 2014, Bypass Properties, LLC, created KOKO Development, LLC, to act as the developer of Stenehjem Commons. Development was to include the installation of necessary infrastructure to enable the sale of lots to interested parties. Defendants Phillips & Jordan and DW Excavating were retained by KOKO to perform the infrastructure work including the provision of labor and materials for the earthwork, the placement of sewer, water, and storm sewer lines, grading, curb, gutters and roadways. KOKO alleges the work performed by Phillips & Jordan and DW Excavating was improper, unacceptable, and contained numerous defects which required costly and time-consuming remediation. KOKO has sued Phillips & Jordan and DW Excavating for negligence and breach of contract based on claims of faulty workmanship.

KOKO contends TD&H was retained to provide engineering, surveying, and inspection services for the Stenehjem Commons development, including supervising or inspecting the work performed by Phillips & Jordan and DW Excavating. KOKO alleges TD&H failed to perform its obligations to and breached it agreements with KOKO by "failing to properly oversee and/or inspect the Stenehjem Commons project by failing to make sure that work was performed in accordance

2

with the plans and specifications, and failing to make sure all work was properly completed." See Doc. No. 1-3, ¶ 24.  KOKO brought claims against TD&H for negligence and breach of contract in state court in June of 2020.

TD&H removed the action to federal court on July 21, 2020, citing diversity of citizenship as the jurisdictional basis.  TD&H filed the instant motion for summary judgment on August 18, 2021, in which it contends it did not have a written or oral contract with KOKO, KOKO was not an intended third-party beneficiary under any contract between TD&H and Stenehjem Development, LLP, and it did not owe a duty of care to KOKO.  TD&H contends its only contractual relationships were with Watford City and Stenehjem Development, LLP.  It is undisputed that North Dakota law applies in this diversity action.  A federal court sitting in diversity applies the substantive law of the forum state, which in this case is North Dakota.  El Petron Enters, LLC v. Whiting Res. Corp., No. 1:16-CV-090, 2018 WL 1322391, at *3 (D.N.D. Mar. 14, 2018).

## II.     STANDARD OF REVIEW

Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, indicates that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law.  Davison v. City of Minneapolis, 490 F.3d 648, 654 (8th Cir. 2007); see Fed. R. Civ. P. 56(a).  Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party.  Id.  The purpose of summary judgment is to assess the evidence and determine if a trial is genuinely necessary.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The Court must inquire whether the evidence presents a sufficient disagreement to require the submission of the case to a jury or whether the evidence is so one-sided that one party must prevail as a matter of law. Diesel Mach., Inc. v. B.R. Lee Indus., Inc., 418 F.3d 820, 832 (8th Cir. 2005). The moving party bears the responsibility of informing the court of the basis for the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of material fact. Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011). The non-moving party may not rely merely on allegations or denials in its own pleading; rather, its response must set out specific facts showing a genuine issue for trial. Id.; Fed. R. Civ. P. 56(c)(1). If the record taken as a whole and viewed in a light most favorable to the non-moving party could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial and summary judgment is appropriate. Matsushita, 475 U.S. at 587.

### III. LEGAL DISCUSSION

KOKO has sued TD&H for negligence and breach of contract in relation to the inspection services it provided on the Stenehjem Commons development, alleging it should have discovered the numerous defects in the work performed by Phillips & Jordan and DW Excavating. TD&H contends in its summary judgment motion that it did not have a contract with KOKO and did not owe a duty of care to KOKO.

At the heart of this motion is the relationship between KOKO, TD&H, and Watford City in relation to the development of the Stenehjem Commons. KOKO and TD&H have both submitted affidavits which provide very different understandings of that relationship. See Doc. Nos. 56-1 and 53. These contrasting affidavits demonstrate that material factual disputes exist which preclude the grant of summary judgment.

TD&H submitted an affidavit from Matthew Beard in support of its motion. See Doc. No. 53. Beard is a regional manager for TD&H. Beard states TD&H was retained by Watford City to provide third-party inspection for the Stenehjem Commons development. Beard explains TD&H's role in the Stenehjem Commons development was to observe, inspect, and report to Watford City on the construction. According to Beard, TD&H's sole obligation for observing, inspecting, and reporting was for the benefit of Watford City. Beard further states TD&H never entered into a written or oral contract with KOKO for any engineering services related to the earthwork, the placement of sewer, water, and storm sewer lines, grading, curb, gutters and roadways or for any oversight, supervision, or direction of the contractors on the project.

KOKO submitted the affidavit of K. Jayce Howell in opposition TD&H's motion. See Doc. No. 56-1. Howell is a member of Bypass Properties, LLC and KOKO. Howell states that based upon information provided to him and KOKO, as well as interactions with and payments to TD&H, it was his understanding that Stenehjem Development, LLP, had retained TD&H to perform observations and inspections of the work being performed at Stenehjem Commons, and such services continued for the benefit of KOKO when the property was transferred from Stenehjem Development LLP to Bypass Properties, LLC and KOKO in November 2014. Howell further states that at no time was he informed that TD&H had an agreement with Watford City instead of Stenehjem Development, LLP, nor was he or KOKO provided a copy of such an agreement.

Both KOKO and TD&H point to several email exchanges to support their interpretation of the relationship between KOKO, TD&H, and Watford City. See Doc. Nos. 56-4 and 60-1. The exchange is between TD&H regional manager Matt Beard, Stenehjem/KOKO project manager Mychal Gorden, and Todd Kelley who was the city engineer for Watford City. In one exchange, Gorden asks Beard to "[p]lease confirm you got my authorization to proceed" with the inspections

to which Beard responds "Yes, I did receive that email authorization, we are onboard for completing inspections." See Doc. No. 56-4. TD&H maintains Watford City was requiring third-party inspections and KOKO was simply authorizing the billing for the inspections to be made to Watford City and later reimbursed by KOKO. It is undisputed that KOKO ultimately paid for the inspection services provided by TD&H. KOKO also paid TD&H for the platting work. See Doc. No. 53-4.

The Court finds the email exchanges are far from clear and are subject to more than one reasonable interpretation, including that TD&H was providing third-party inspection services for the benefit of both KOKO and Watford City with KOKO ultimately paying for the work. In addition, an email string is not a written contract, although it may be evidence of an oral contract. The existence of an oral contract and the extent of its terms are questions of fact. Lumley v. Kapusta, 878 N.W.2d 65, 67 (N.D. 2016). For disputes involving oral contracts, the trier of fact decides the terms of the contract. Curtis Const. Co. v. Am. Steel Span, Inc., 707 N.W.2d 68, 72 (N.D. 2005).

What is missing from the record is any evidence that TD&H had a written contract with Watford City specific to the Stenehjem Commons. While the Master Agreement between Watford City and TD&H is helpful in providing the general terms of its relationship with Watford City, it predates the Stenehjem Commons development by several years and there is no task order specific to the Stenehjem Commons development. The Master Agreement provides in its first article that "[e]ngineer's services will be detailed in a duly executed Task Order for each Specific Project." See Doc. No. 53-1, p. 4. Apparently, this was not done. Thus, it is unclear whether TD&H was working for Watford City or KOKO or both. The record does not contain deposition testimony from a representative of Watford City, such as City Engineer Todd Kelley, to shed light on this issue. It is undisputed that TD&H provided inspection services for the Stenehjem Commons development.

It is apparent these inspection services were provided pursuant to an oral contract as no written contract is in evidence. A jury will need to decide for whom TD&H was working and, if TD&H was working solely for the Watford City, whether KOKO was an intended beneficiary of the inspection services provided by TD&H. See Moen v. Norwest Bank of Minot, 647 F. Supp. 1333, 1341–42 (D.N.D. 1986) (noting that whether a party is a third-party beneficiary of a contract, as opposed to an incidental beneficiary, is determined by whether the benefit to the third party was "within the contemplation" of the contracting parties).

Suffice it to say, the record is incomplete and the relationships between the parties are subject to multiple reasonable interpretations. When viewed in a light most favorable to KOKO, the dueling affidavits, email strings, and other exhibits submitted by the parties present genuine issues of material fact in dispute which the Court cannot resolve at this stage. Based upon the record before it, the Court finds the aforementioned factual disputes preclude the grant of summary judgment.

## IV.   CONCLUSION

For the reasons set forth above, TD&H's motion for summary judgment (Doc No. 50) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 14th day of December, 2021.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court