IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| KOKO Development, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER GRANTING DEFENDANTS'** |
| | ) **MOTIONS FOR SUMMARY** |
| | ) **JUDGMENT** |
| Phillips & Jordan, Inc., | ) |
| DW Excavating, Inc., and | ) |
| Thomas Dean & Hoskins, Inc., | ) |
| Defendants, | ) |
| | ) Case No. 1:20-cv-129 |
| and | ) |
| Phillips & Jordan, Inc., | ) |
| Third-Party Plaintiff, | ) |
| vs. | ) |
| BKW, Inc. | ) |
| Third-Party Defendant. | ) |

Before the Court are the Defendants' motions for summary judgment filed on May 24, 2022, May 27, 2022, and June 2, 2022. See Doc. Nos. 64, 72, 78, and 82. The motions have been fully briefed and are ripe for consideration.

Defendant Thomas Dean & Hoskins, Inc. ("TD&H") filed a motion for summary judgment on May 24, 2022. See Doc. No. 64. On May 27, 2022, Defendant DW Excavating, Inc. ("DW") joined in the motion and on June 2, 2022, Defendant Phillips & Jordan, Inc. ("Phillips & Jordan") and Third-Party Defendant BKW, Inc. ("BKW") joined in the motion. See Doc. Nos. 72, 78, 82. The Plaintiff, KOKO Development, LLC ("KOKO"), filed a response in opposition to the motions on May 15, 2022. See Doc. No. 86. Phillips & Jordan filed a reply brief on June 29, 2022, DW and

1

DKW filed reply briefs on June 30, 2022, and TD&J filed a reply brief on July 1, 2022. See Doc. Nos. 88, 92, 93, and 94. For the reasons set forth below, the motions for summary judgment are granted.

I.      **BACKGROUND**

This case arises from a real estate development project known as the Stenehjem Commons in Watford City, North Dakota. KOKO is suing Phillips & Jordan, DW, and TD&H for breach of contract and negligence in relation to the development.

On October 10, 2014, Stenehjem Development, LLP, entered into a development agreement for the Stenehjem Commons with Watford City. On October 21, 2014, GO Capital, LLC, entered into a purchase agreement with Judith H. Stenehjem Limited partnership for the purchase of the Stenehjem Commons. On November 7, 2014, the purchase agreement was assigned by GO Capital, LLC, to Bypass Properties, LLC. On December 4, 2014, Bypass Properties, LLC, created KOKO Development, LLC, to act as the developer of Stenehjem Commons. The development was to include the installation of necessary infrastructure to enable the sale of lots to interested parties.

Defendants Phillips & Jordan and DW Excavating were retained by KOKO to perform the infrastructure work, including the provision of labor and materials for the earthwork, the placement of sewer, water, and storm sewer lines, grading, curb, gutters, and roadways. KOKO alleges the work performed by Phillips & Jordan and DW was improper, unacceptable, and contained numerous defects which required costly and time-consuming remediation. KOKO brought claims against Phillips & Jordan and DW in state court in June of 2020 for negligence and breach of contract based on claims of faulty workmanship.

KOKO contends TD&H was retained to provide engineering, surveying, and inspection services for the Stenehjem Commons development, including supervising or inspecting the work performed by Phillips & Jordan and DW. KOKO alleges TD&H failed to perform its obligations and breached it agreements with KOKO by "failing to properly oversee and/or inspect the Stenehjem Commons project by failing to make sure that work was performed in accordance with the plans and specifications, and failing to make sure all work was properly completed." See Doc. No. 1-3, ¶ 24. KOKO brought claims against TD&H for negligence and breach of contract in state court in June of 2020.

TD&H removed the action to federal court on July 21, 2020, citing diversity of citizenship as the jurisdictional basis. On February 18, 2021, Phillips & Jordan filed a third-party complaint against BKW for breach of contract, negligent workmanship, and indemnification, or in the alternative, contribution for claims brought against Phillips & Jordan by KOKO. See Doc. No. 33.

TD&H filed the instant motion for summary judgment on May 24, 2022, in which it contends KOKO failed to disclose any expert witnesses and cannot establish its claims without expert testimony. Thereafter DW, BKW, and Phillips & Jordan joined in the motion. It is undisputed that North Dakota law applies in this diversity action. A federal court sitting in diversity applies the substantive law of the forum state, which in this case is North Dakota. El Petron Enters, LLC v. Whiting Res. Corp., No. 1:16-CV-090, 2018 WL 1322391, at *3 (D.N.D. Mar. 14, 2018).

II. **STANDARD OF REVIEW**

Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, indicates no genuine issues of material fact exist and, therefore, the moving party is entitled to judgment as a matter of law. Davison v. City of Minneapolis, Minn., 490 F.3d

648, 654 (8th Cir. 2007); See Fed. R. Civ. P. 56(a). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. Id. The purpose of summary judgment is to assess the evidence and determine if a trial is genuinely necessary. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The Court must inquire whether the evidence presents sufficient disagreement to require the submission of the case to a jury or whether the evidence is one-sided that one party must prevail as a matter of law. Diesel Mach., Inc. v. B.R. Lee Indus., Inc., 418 F.3d 820, 832 (8th Cir. 2005). The moving party bears the responsibility of informing the Court of the basis for the motion and identifying portions of the record which demonstrate the absence of a genuine issue of material fact. Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011). The non-moving party may not rely merely on allegations or denials in its own pleading; rather, its response must set out specific facts showing a genuine issue for trial. Id.; Fed. R. civ. P. 56(c)(1). The court must consider the substantive standard of proof when ruling on a motion for summary judgment. Anderson, 477 U.S. at 252. If the record taken as a whole and viewed in a light most favorable to the non-moving party could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial and summary judgment is appropriate. Matsushita, 475 U.S. at 587.

### III. LEGAL DISCUSSION

#### A. EXPERT WITNESSES

The Defendants contend summary judgment is appropriate in this case because KOKO did not disclose any expert witnesses and consequently cannot establish its claims for negligence and

breach of contract. The disclosure of expert witnesses is required by Rule 26 of the Federal Rules of Civil Procedure. Rule 26(a)(2)(A) provides as follows:

> (A) In General. In addition to the disclosures required by Rules 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705.

Fed.R.Civ.P. 26(a)(2)(A).

In KOKO's initial disclosures it disclosed, among others, Mac Hall, Lonnie Kern, and Wayne Kern. See Doc. No. 86-10. Mac Hall is a licensed civil engineer who provided engineering services on the project. Lonnie Kern and Wayne Kern provided remedial work on the project. It is undisputed that KOKO did not disclose any expert witnesses. However, it appears that KOKO considers the three above-named witnesses to be hybrid witnesses that are disclosed as fact witnesses but also provide their opinions. KOKO contends that the fact the witnesses were not disclosed as experts "in no way limits their ability to testify as fact witnesses, offer opinions and assist KOKO in establishing the claims against Phillips & Jordan, DW Excavating and TD&H." See Doc. No. 86. KOKO argues that the opinions are excluded from the requirement of expert disclosure because the witnesses were not retained specifically as experts. KOKO's response brief contains several references to the opinion testimony of Mac Hall, Lonnie Kern, and Wayne Kern, making clear its intention to elicit testimony from the witnesses that is expert in nature.

KOKO contends Mac Hall, Lonnie Kern, and Wayne Kern are exempt from the Rule 26(a)(2)(B) disclosure requirement since they were not retained for purposes of litigation, they are not charging a fee for their testimony, and they formed their opinions in the regular course of performing their work for KOKO at Stenehjem Commons. KOKO argues the witnesses, therefore, may testify as to the information they obtained and the opinions they formed while performing tasks they were hired to complete in their capacity as engineers and contractors on the project.

KOKO relies on two cases in support of its contentions, both of which are distinguishable. *Am. Prop. Const. Co. v. Sprenger Lang Found.*, 274 F.R.D. 1 (D.D.C. 2011) involved a contract dispute over construction services. The defendants identified three witnesses who would provide expert testimony at trial but failed to produce written expert reports for the witnesses. The Plaintiff moved for the witnesses' testimony to be precluded at trial because of the absence of written reports. The court held,

> Under the Federal Rules of Civil Procedure, a written expert report is not required of all witnesses expected to provide expert testimony, but only those that are retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony… In evaluating whether an expert report is required, the district court must engage in a two-prong inquiry: it must first ask whether any of the contemplated testimony will be expert testimony (a shorthand for asking whether it falls within the ambit of Rules 702, 703, or 705 of the Federal Rules of Evidence); the court must then proceed to ask whether the witness has been retained or specially employed to provide expert testimony in the case or whether his or her duties as [a] party's employee regularly involve giving expert testimony.

Id. at 3-4 (internal quotation marks omitted). The defendants conceded the witnesses were experts and identified them as such. Accordingly, the focus of *Am. Prop. Const.* was whether the witnesses were specifically retained as experts and whether a written report was required. The court concluded that a written report was not required because the identified experts were not specifically retained as experts. The court then outlined the requirements for the expert witnesses. Rule 26 contains a subsection

> specifying the disclosures required in those situations, such as the present, where a witness is not specifically retained to provide expert testimony, but is nevertheless expected to provide such testimony at trial. In such situations, the proponent must identify "the subject matter on which the witness is expected to present [expert] evidence," and (b) provide "a summary of the facts and opinions to which the witness is expected to testify."

Id. at 5 (citations omitted).

6

Unlike the defendants in *Am. Prop. Const.*, KOKO did not identify Mac Hall, Lonnie Kern, and Wayne Kern as expert witnesses. A written report was not required from these three witnesses because they were not specifically retained to provide expert testimony. However, if KOKO intends to call the individuals as expert witnesses, the witnesses are required to be identified and disclosed as such. It is undisputed that KOKO did not disclose the witnesses as experts. Further, Rule 26 requires KOKO to identify the subject matter on which the witnesses are expected to present expert testimony and provide a summary of the facts and opinions to which the witnesses are expected to testify. KOKO's initial disclosures identifying Mac Hall, Lonnie Kern, and Wayne Kern as witnesses contain a brief one-sentence synopsis of "the knowledge of the facts and circumstances" the witnesses are likely to have. See Doc. No. 86-10, pp. 4-5. The initial disclosures fail to provide a summary of facts and opinions to which the witnesses are expected to testify as contemplated by Rule 26. Therefore, KOKO has not met the requirements of Rule 26.

KOKO also cites to *Ruane v. Amore*, 287 Ill. App. 3d 465, 677 N.E.2d 1369 (1997). *Ruane* is an Illinois appellate court decision involving an Illinois Rule of Procedure. In *Ruane*, the plaintiff failed to disclose an expert witness. The appellate court affirmed the lower court's denial of a motion to reopen discovery and disclose an expert witness and grant of summary judgment. The appellate court held that the determination of whether a witness must be disclosed as an expert under the Illinois Rule of Procedure depends on the expert's relation to the case and the extent of the expert's involvement in the underlying facts giving rise to litigation. Id. at 472. While KOKO relies on this in support of its argument, the appellate court's analysis does not end here. The appellate court concluded,

> [n]otwithstanding whether plaintiffs had identified Knight as an expert witness, plaintiffs failed to offer what Knight's opinion was or what his testimony might be. A party may not resist a motion for summary judgment simply by identifying potential trial witnesses and then failing to determine what their opinions are or

what their testimony might be. Moreover… Rule 220 obligates litigants to disclose the identity and opinions of those witnesses who are engaged for the purpose of giving an expert opinion at trial. Therefore, plaintiffs seeking to call experts as witnesses are required to disclose them as "experts," even if plaintiffs did not "retain" them.

Id. at 473 (citations omitted). In addition, the appellate court concluded summary judgment was proper because the determination of the issues in the case required specialized knowledge or expertise in structural engineering, which is outside of a jury's common understanding and experience. Id. at 475. Without expert testimony, the plaintiffs could not establish their claims. Id.

In the present case, KOKO claims the defendants had notice that the witnesses have firsthand knowledge of the defects in the work performed and have formed opinions based on their firsthand knowledge. See Doc. No. 86. However, the initial disclosures made no mention of any opinions formed by Mac Hall, Lonnie Kern, and Wayne Kern. See Doc. No. 86-10. *Ruane* and *Am. Prop. Const.* emphasize the importance of the disclosure requirement for expert witnesses' opinions. Not only did KOKO fail to disclose the witnesses as experts, KOKO also failed to disclose the opinions of the witnesses it intends to call as experts.

KOKO has clearly failed to meet the requirements of Rule 26 by not disclosing the witnesses as experts and not disclosing their opinions. Mac Hall, Lonnie Kern, and Wayne Kern are fact witnesses and are precluded from testifying as expert witnesses. Accordingly, they may only testify as to facts and cannot testify as to any expert opinions they may have formed.

### B.   NECESSITY OF EXPERT TESTIMONY

The Defendants argue that KOKO cannot establish the claims of negligence/defective workmanship and breach of contract without expert testimony. The Defendants contend summary judgment must be granted because of KOKO's failure to disclose the requisite experts. The North

Dakota Supreme Court addressed the necessity of expert testimony in negligence cases in *Klimple v. Bahl*, 2007 ND 13, 727 N.W.2d 256.

> [T]here generally is no requirement in ordinary negligence cases for expert testimony to establish the elements of the tort. In some circumstances, however, expert testimony may be required to resolve issues in an ordinary negligence action. This Court has indicated expert testimony is required if the issue is beyond the area of common knowledge or lay comprehension, or the issue is not within the ordinary experience of the jurors. [The Plaintiff] has not argued the causal relationship between the accident and his Kienbock's disease is a matter within the common knowledge or comprehension of a layperson.

Id. at 259 (internal quotation marks omitted.)

### a. **Negligence/Defective Workmanship**

In the complaint, KOKO alleges Phillips & Jordan and DW had a duty to perform work in a good and workmanlike manner and breached their duties by failing to construct and install the sewer, water, and storm sewer improvements free of defects and/or as specified in the plans and/or by Watford City. See Doc. No. 1-3, pp. 6-7. KOKO further alleges Phillips & Jordan and DW breached their duties by failing to recognize and rectify defects and deviations in the construction of the sewer, water, and storm sewer improvements and allowing defects and deviations to exist. Id.

KOKO alleges TD&H had a duty to inspect and oversee the installation of all sewer, water, and storm sewer lines in accordance with the plans and specifications and the requirements of Watford City and breached its duty by failing to recognize defects and deviations in the construction and installation of the sewer, water, and storm sewer improvements, allowing defects to exist, and failing to demand the defects be rectified. See Doc. No. 1-3, pp. 7-8.

In a negligence action, the Plaintiff has the burden of proving (1) duty; (2) breach of that duty; (3) causation; and (4) damages. Barbie v. Minko Const., Inc., 2009 ND 99, ¶ 8, 766 N.W.2d 458. KOKO's claims involve complex infrastructure and engineering. KOKO's complaint states

that "KOKO Development is wholly untrained in the construction of the infrastructure at Stenehjem Commons, relied upon the acts, recommendations and advice of Phillips & Jordan, DW Excavating and TD&H in progressing with the completion of the Stenehjem Commons infrastructure." See Doc. No. 1-3, p. 4. When the Plaintiff admits that issues relevant to its claims are beyond its own experience and understanding, a jury cannot be expected to understand the issues without the benefit of expert testimony. Establishing that defects exist and identifying how the Defendants breached their respective duties is technical, highly complex, and far beyond the common knowledge or lay comprehension of the ordinary juror. Further, the extent of any damage from the alleged defects and the actual and proximate cause of the damages is not within the understanding of a layperson. Expert testimony is necessary to establish KOKO's negligence/defective workmanship claims.

### b. Breach of Contract

KOKO alleges Phillips & Jordan and DW breached their agreements with KOKO by failing to perform their work in accordance with plans and specifications, failing to complete work, and failing to repair defective work. KOKO alleges TD&H breached its agreements with KOKO by failing to ensure work was properly completed and performed in accordance with plans and specifications. Specifically, KOKO claims the following shows the Defendants' breach of their agreements:

   a. Failing to bury water lines the required 7.5 feet below finished elevation;
   b. Failing to properly flush water lines to remove air in a timely manner;
   c. Sanitary sewer bore across Highway 23 Bypass at incorrect elevation or slope;
   d. Catch basin manholes at improper elevation resulting in delay of curb placement;
   e. Exposed ends of pipe wrapped with plastic bags and/or tape;
   f. Failing to remove foreign objects from piping;
   g. Failing to repair or replace damaged or deformed piping;
   h. Failing to place pipe at proper angle and/or elevation as required under plans;
   i. Failing to perform proper compaction around piping resulting in collapsed or sagging piping;

    j. Failing to properly install pipe in areas containing ground water;
    k. Failing to maintain proper separation between water and sewer lines;
    l. Failing to place stabilization rock below or around piping;
    m. Failing to properly install fire hydrants;
    n. Failing to install or properly install water line valves; and
    o. Failing to properly connect water line segments resulting in ongoing leakage.

See Doc. No. 1-3, pp. 5, 8-10.

KOKO's complaint broadly includes the exact same list for each Defendant in support of its breach of contract claims. Whether these acts and omissions constitute breaches of each of the Defendants' agreements with KOKO are technical issues that involve an understanding of infrastructure and engineering, similar to KOKO's negligence claims. Further, determining which party is responsible for each allegation in the list and how each of the alleged wrongdoings damaged KOKO is beyond the ordinary knowledge, comprehension, and experience of jurors. Therefore, KOKO cannot establish the breach of contract claims absent expert testimony.

Given the complexity of the project and the work completed by the Defendants, expert testimony is necessary for jurors to understand the issues in this case. KOKO cannot present sufficient competent admissible evidence to support its claims of negligence and breach of contract without expert testimony. Therefore, the Defendants' motions for summary judgment (Doc. Nos. 64, 72, 78, and 82) are granted. The Court need not address TD&H's Third Motion for Summary Judgment (Doc. No. 83) because its second motion for summary judgment (Doc. No. 64) is granted.

### IV. CONCLUSION

The Court has carefully reviewed the entire record, the parties' briefs, and relevant case law. For the reasons set forth above, the Defendants' motions for summary judgment (Doc. Nos.

64, 72, 78, and 82) are **GRANTED.** The Court finds Thomas Dean & Hoskins's Third Motion for Summary Judgment (Doc. No. 83) **MOOT**.

    **IT IS SO ORDERED**

Dated this 30th day of January, 2023.

                                   */s/ Daniel L. Hovland*
                                   Daniel L. Hovland, District Judge
                                   United States District Court