IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| KOKO Development, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER DENYING PLAINTIFF'S** |
| vs. ) | **MOTION FOR RECONSIDERATION** |
| ) | |
| Phillips & Jordan, Inc., ) | |
| DW Excavating, Inc., and ) | |
| Thomas Dean & Hoskins, Inc., ) | |
| ) | |
| Defendants, ) | |
| ) | Case No. 1:20-cv-129 |
| and ) | |
| ) | |
| Phillips & Jordan, Inc., ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| BKW, Inc. ) | |
| ) | |
| Third-Party Defendant. ) | |

Before the Court is the Plaintiff, KOKO Development, LLC's motion for reconsideration filed on February 13, 2023. See Doc No. 105. KOKO Development, LLC ("KOKO") requests the Court reconsider its "Order Granting Defendants' Motions for Summary Judgment." See Doc. No. 103. Defendant Phillips & Jordan, Inc. ("Phillips & Jordan"), Defendant DW Excavating, Inc. ("DW"), Defendant Thomas Dean & Hoskins, Inc. ("TD&H"), and Third-Party Defendant BKW, Inc. ("BKW") filed responses in opposition to the motion on February 27, 2023. See Doc. Nos. 106, 107, 109, and 110. The Plaintiff filed reply briefs on March 8, 2023. See Doc. Nos. 113, 114, 115, and 116. For the reasons set forth below, the motion for reconsideration is denied.

**I.     BACKGROUND**

This breach of contract action was filed on July 21, 2020. The Court granted summary judgment in favor of the Defendants on January 30, 2023, concluding that the Plaintiff failed to disclose any expert witnesses and it cannot establish its claims of negligence/defective workmanship and breach of contract without testimony from expert witnesses. See Doc. No. 103. The facts relevant to this motion are fully set forth in the Court's order granting summary judgment. On February 13, 2023, the Plaintiff filed a motion to reconsider the Court's order pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedures. The motion has been fully briefed and is ripe for consideration.

**II.    LEGAL DISCUSSION**

Rule 59(e) allows the Court to alter or amend its judgment upon a motion filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). The Eighth Circuit Court of Appeals has explained that Rule 59(e) "was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment." Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (citing Norman v. Ark. Dep't of Educ., 79 F.3d 748, 750 (8th Cir. 1996)). Rule 59(e) motions serve the limited purpose of correcting "manifest errors of law or fact or to present newly discovered evidence." United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (citing Innovative Home Health Care, 141 F.3d at 1286). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Id. "Arguments and evidence which could, and should, have been raised or presented at an earlier time in the proceedings cannot be presented in a Rule 59(e)

motion." Johnson v. Chater, 108 F.3d 942, 948 n.3 (8th Cir. 1997). Rule 59(e) is not designed to provide an avenue for a disappointed party to relitigate old matters. Murchison v. N.D., No. 1:10-CV-046, 2010 WL 3056646, at *2 (D.N.D. July 29, 2010). District courts have broad discretion in ruling on such motions. Global Network Techs., Inc. v. Reg'l Airport Auth., 122 F.3d 661, 665 (8th Cir. 1997).

The Federal Rules of Civil Procedure do not contemplate motions for reconsideration. Pacific West Site Services, Inc. v. Vesci, 2014 WL 12461254 *1 (D.N.D. 2014). Rule 60(b)(6) allows the Court to set aside a judgment "when the movant shows any . . . reason justifying relief from the operation of the judgment other than the more specific circumstances set out in Rules 60(b)(1)-(5)." Gonzalez v. Crosby, 545 U.S. 524, 529 (2005) (internal citations omitted). Rule 60(b)(6) allows the Court to vacate judgments "whenever such action is appropriate to accomplish justice . . . [but] should only be applied in extraordinary circumstances." Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 864 (1988). These "extraordinary circumstances" must have "denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." Murphy v. Missouri Dept. Of Corrections, 506 F.3d 1111, 1117 (8th Cir. 2007) (quoting Harley v. Zoesch, 413 F.3d 866, 871 (8th Cir. 2005)).

In the present case the Court's order granting the Defendants' summary judgment motions concluded (1) Mac Hall, Lonnie Kern, and Wayne Kern are fact witnesses and cannot testify as to the opinions they formed in their capacity as engineers and contractors while working for KOKO due to KOKO's failure to disclose the witnesses as experts and failure to disclose their opinions and (2) expert testimony is necessary for KOKO to establish its claims because the technical issue in this case are beyond the ordinary knowledge, comprehension, and experience of jurors.

In the motion KOKO argues there was a clear error and mistake made which provides extraordinary relief. KOKO contends, "[t]he error, simply put, was this Court granting the Defendant's motion for summary judgment on the grounds that the Plaintiff's claims could not be proven without expert testimony." See Doc. No. 113, p. 4. KOKO does not submit any newly discovered evidence in support of its motion. The motion simply reiterates the same reasons KOKO set forth in opposition to the Defendants' motions for summary. KOKO contends (1) Mac Hall, Lonnie Kern, and Wayne Kern can testify as to the opinions they formed in the regular course of performing their work for KOKO, (2) their opinions are excluded from the requirement of expert witness disclosure because they were not specifically retained as experts, and (3) expert testimony is not necessary for KOKO to establish breach of contract and negligence claims against the Defendants because the issues are not complex and are within a juror's basic understanding.

In support of its motion KOKO attached two exhibits totaling nearly 300-pages. See Doc. Nos. 105-2 and 105-3. These documents are filled with complex drawings and technical terminology that is far beyond the ordinary knowledge, comprehension, and experience of jurors. KOKO had a full and fair opportunity to address all of these issues and submit these exhibits at the summary judgment stage. KOKO's motion is clearly an attempt to relitigate old matters which is not permitted by Rule 59(e). The Court has carefully reviewed the pending motion, the parties' briefs, and the relevant case law. No "manifest error of law" has been demonstrated, and the Court finds no reason to alter its ruling.

KOKO's motion for reconsideration does nothing more than provide additional support for legal arguments previously raised in opposition to the Defendants' prior motions for summary judgment. This is not the purpose of either Rule 59(e) or Rule 60(b). The rule authorizes relief based on certain, enumerated circumstances (for example, fraud, changed conditions, and the like).

Rule 60(b) is not a vehicle for reargument on the merits.  See Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999). The Court finds reconsideration is unwarranted.

### III.   CONCLUSION

The Court has reviewed the entire record, the parties' briefs, and the relevant case law. The Court will adhere to its prior rulings. For the reasons set forth above, KOKO's motion for reconsideration (Doc. No. 105) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 17th day of April, 2023.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court